Filing # 195960184 E-Filed 04/11/2024 09:35:57 AM

IN THE COUNTY COURT OF THE 4TH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

GEN. JURISDICTION DIV.
CASE NO:

JUNIOR LEE OWENS

       Plaintiff,

v.

RAS LAVRAR, LLC., and JPMORGAN
CHASE USA, NATIONAL
ASSOCIATION,

       Defendants.

_____/

## COMPLAINT

Plaintiff, Junior Lee Owens (hereinafter "Plaintiff"), by and through his attorneys, the Law Offices of Robert S. Gitmeid and Associates, PLLC ("Gitmeid"), by way of Complaint against Defendants, JPMorgan Chase Bank USA, National Association ("Chase") and RAS LaVrar, LLC ("RAS LaVrar"), collectively ("Defendants") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant Chase's breach of contract, Chase's and RAS LaVrar's violations of the Florida Consumer Collection Practices Act, § 559, et seq. (hereinafter the "FCCPA") and RAS LaVrar's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter "FDCPA"). The FCCPA and the FDCPA prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES, JURIDICTION, AND VENUE

2. Plaintiff, Junior Lee Owens, is an adult citizen residing in Jacksonville, FL.

1

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 04/11/2024 12:23:29 PM

3. Defendant Chase is a for-profit business entity with a registered agent, the Corporation Trust Company 1209 Orange Street Wilmington, DE 19801.

4. Defendant RAS LaVrar is a law firm with a main office located at 1133 S University Drive Plantation, FL 33324.

5. This Court has jurisdiction over this matter pursuant to Title VI. Civil Practice and Procedure § 48.193(1)(a)(1), because Chase and RAS LaVrar regularly conduct business in Florida.

6. Venue in Duval County, Florida is proper pursuant to Title VI. Civil Practice and Procedure § 47.051 because the contract of settlement entered into between the parties arises from a consumer obligation entered into in the State of Florida in this judicial district.

## **FACTUAL ALLEGATIONS**

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of § 559.55(6).

8. On or about October 18, 2022, Plaintiff, via his debt settlement representative, entered into a settlement agreement with ARS National Services ("ARS") to settle and close his Chase account ending in 4340. A copy of the settlement letter is attached hereto as **Exhibit A.**

9. Pursuant to the terms of the agreement, Plaintiff agreed to make twelve (12) monthly payments totaling $3,105.00. The first six (6) payments cleared without issue. Copies of the proofs of payments are attached hereto as **Exhibit B**.

10. On or about June 14, 2023, Plaintiff's debt settlement representative contacted ARS to inquire about the account.

11. ARS advised that the account got recalled by Chase.

12. On or about June 14, 2023, Plaintiff's debt settlement representative contacted Chase requesting that they honor the settlement agreement.

13. Chase advised that the account was transferred to Ras LaVrar.

14. On or about July 14, 2023, Plaintiff's debt settlement representative contacted Ras LaVrar requesting to honor the settlement agreement.

15. Ras LaVrar refused to honor the settlement and offered renegotiation on the account.

16. On or about February 8, 2024, Counsel for Plaintiff sent a letter to RAS LaVrar and Chase outlining the facts and circumstances of the account and requested a discussion. The letter is attached hereto as **Exhibit C.**

17. To date, Defendants have not responded.

18. At all times pertinent hereto, Defendants acted by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

19. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## FIRST CAUSE OF ACTION
(Violations of the Florida Consumer Collection Practices Act)

20. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

21. It is the purpose of the FCCPA to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts. Fla. Stat. Ann. § 559.55.

22. FCCPA § 559.72(9) prohibits a person from claiming, attempting, or threatening "to enforce a debt when such person knows that the debt is not legitimate…"

23. FCCPA § 559.730(b) states that "fraud, misrepresentation, deceit, negligence, or incompetence in a collection transaction" is grounds for disciplinary action and administrative remedies.

24. FCCPA § 559.77(5) states that, in applying the FCCPA "due consideration and great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the federal Fair Debt Collection Practices Act ("FDCPA".)

25. Defendants Chase and RAS LaVrar violated the § 559.77(5) of the FCCPA when they deceptively entered into an agreement with Plaintiff which they never intended to abide by or intended to breach.

26. Defendants Chase and RAS LaVrar violated the § 559.77(5) of the FCCPA when they unfairly refused to accept the remaining payments as per the terms of the settlement agreement.

27. Defendants Chase and RAS LaVrar violated the § 559.77(5) of the FCCPA when they unfairly failed to honor the valid settlement agreement.

28. Defendants Chase and RAS LaVrar violated the § 559.77(5) of the FCCPA when they attempted to renegotiate a settled account.

29. Chase and RAS LaVrar knew or should have known that its actions violated the FCCPA. Additionally, Chase and RAS LaVrar could have taken the steps necessary to bring its actions within compliance of the FCCPA but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

30. As a result of the above violations of the FCCPA, Chase and RAS LaVrar are liable to Plaintiff for actual damages, statutory damages, attorney's fees and costs.

## SECOND CAUSE OF ACTION
(Violations of the FDCPA)

31. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

32. FDCPA 15 U.S.C. § 1692(f) prohibits the use of unfair or unconscionable practices to collect a debt, including collection of any amount not authorized by the contract or law.

33. FDCPA 15 U.S.C. § 1692e(2)(a) prohibits the false representation of the character, amount, or legal status of any debt. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

34. FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt.

35. RAS LaVrar violated the § 1692e(10) of the FDCPA when they deceptively entered into an agreement with Plaintiff which they never intended to abide by or intended to breach.

36. RAS LaVrar violated the § 1692e(10) of the FDCPA when they unfairly failed to accept the remaining payments in accordance with a valid agreement.

37. RAS LaVrar violated § 1692e(10) of the FDCPA when they unfairly failed to honor the settlement agreement.

38. RAS LaVrar violated § 1692e(10) of the FDCPA when they unfairly attempted to renegotiate a settled account.

39. As a result of the above violations of the FDCPA, RAS LaVrar is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs.

**THIRD CAUSE OF ACTION**
(Breach of Contract)

40. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

41. Chase's actions constitute a breach of contract when they refused to honor a valid agreement.

42. Chase's actions constitute a breach of contract when they refused to accept the remaining payments due under the agreement.

43. As a result, of Defendant's breach of contract, Plaintiff has suffered actual and monetary damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands that judgment be entered against Defendants as follows:

44. That judgment be entered against Defendant Chase actual and monetary damages accrued by Plaintiff as a result of Defendant's breach of contract;

45. That judgment be entered against Defendant Chase and RAS LaVrar for actual damages pursuant to Fla. Stat. Ann. § 559.77(2);

46. That judgment be entered against Defendant Chase and RAS LaVrar for statutory damages pursuant to Fla. Stat. Ann. § 559.77(2);

47. That the Court award costs and reasonable attorney's fees pursuant to Fla. Stat. Ann. § 559.77(2);

48. That judgment be entered against RAS LaVrar for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

49. That judgment be entered against RAS LaVrar for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A); and

50. That the Court grant such other and further relief as may be just and proper.

## **DEMAND FOR JURY TRIAL**

51. Plaintiff demands a trial by jury in this action of all issues so triable.

Dated: April 10, 2024

Respectfully Submitted,

Thomas Bellinder, Esq. (FL Bar No. 65254)
Law Offices of Robert S. Gitmeid & Assoc., PLLC
180 Maiden Lane, 27th Floor
New York, NY 10038
Tel: (212) 226-5081
Fax: (212) 208-2591
Email: Thomas.B@gitmeidlaw.com

# EXHIBIT A

**ARS National Services Inc.**
PO Box 469046
Escondido, CA 92046-9046
Phone:(800) 900-1271 FAX: (866) 422-0765
TTY: (866) 922-9520 Relay: (800) 936-7214
www.payarsnational.com

Tuesday, October 18, 2022

**ACCOUNT IDENTIFICATION**
Creditor:              JPMorgan Chase Bank, N.A.

Account:              * * * * * * * * * * * * 4340
ARS Reference No:      41774648
Balance:              $6,208.42

Dear: JUNIOR L OWENS, C/O ROBERT GITMEID

This letter confirms that ARS is duly authorized to accept **$3,105.00** in full settlement of the above-referenced account. The settlement amount is due as follows:

| | | | |
|---|---|---|---|
| Payment 01: | $100.00 | Due on: | Tuesday, October 25, 2022 |
| Payment 02: | $100.00 | Due on: | Friday, November 25, 2022 |
| Payment 03: | $100.00 | Due on: | Sunday, December 25, 2022 |
| Payment 04: | $311.66 | Due on: | Wednesday, January 25, 2023 |
| Payment 05: | $311.66 | Due on: | Saturday, February 25, 2023 |
| Payment 06: | $311.66 | Due on: | Saturday, March 25, 2023 |
| Payment 07: | $311.66 | Due on: | Tuesday, April 25, 2023 |
| Payment 08: | $311.66 | Due on: | Thursday, May 25, 2023 |
| Payment 09: | $311.66 | Due on: | Sunday, June 25, 2023 |
| Payment 10: | $311.66 | Due on: | Tuesday, July 25, 2023 |
| Payment 11: | $311.66 | Due on: | Friday, August 25, 2023 |
| Payment 12: | $311.72 | Due on: | Monday, September 25, 2023 |

Your payment must reach this office by the due date or this offer will become null and void. To ensure your funds are received by the due date, ARS accepts **"Quick Check"** by phone, **Western Union "Quick Collect" (Code City: ARS 41774648), Moneygram "Express Payment" (Receive Code: 15560)**, or you can make your payment online at www.payarsnational.com. If your bank refuses to honor your check or other payment arrangements, this offer will become null and void.

Failure to adhere to the payment terms may result in our client referring your account to a lawyer for review and possible filing of a lawsuit. As a result, it is important that if you cannot make the payment by

its due date, please contact us to discuss all your payment options. Our office hours are Monday through Friday, 8:30 a.m. - 10:00 p.m. and Saturday 9:00 a.m. - 5:00 p.m. (Eastern Time). We reserve the right to treat any missed or late payment as a cancellation of the agreement. We are not obligated to renew this offer.

If you have any questions, please contact your account representative at (800) 900-1271, extension 6233. Office hours are Monday through Friday, 8:30 a.m. – 10:00 p.m. and Saturday 9:00 a.m. - 5:00 p.m. (Eastern Time).

Sincerely,

Cicely Lemar
Account Representative

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

We are required under certain Federal, State and Local laws to notify consumers of certain rights. This list does not contain a complete list of the rights for consumers under Federal, State, or Local laws.

ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS:
The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

ADDITIONAL INFORMATION FOR COLORADO RESIDENTS:
FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE HTTPS://COAG.GOV/OFFICE-SECTIONS/CONSUMER-PROTECTION/CONSUMER-CREDIT-UNIT/COLLECTION-AGENCY-REGULATION/. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any action authorized by law to collect the debt. In state office: Colorado Manager Inc., 8690 Wolff Court, Suite 110, Westminster, CO 80031, (303) 920-4763.

ADDITIONAL INFORMATION FOR DISTRICT OF COLUMBIA RESIDENTS:
270 W 2nd Ave., Escondido, CA 92025

ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS:
NOTICE OF IMPORTANT RIGHTS: YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT

YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTION AGENCY. GENERAL OFFICE HOURS: MONDAY – FRIDAY, 8:30 A.M. - 10:00 P.M. AND SATURDAY 9:00 A.M. - 5:00 P.M. (EASTERN TIME).

ADDITIONAL INFORMATION FOR MAINE RESIDENTS:
Please be advised that Western Union and MoneyGram may charge a fee for their payment services. General Office Hours: Monday – Friday, 8:30 a.m. - 10:00 p.m. and Saturday 9:00 a.m. - 5:00 p.m. (Eastern Time).

ADDITIONAL INFORMATION FOR MINNESOTA RESIDENTS:
THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

ADDITIONAL INFORMATION FOR NEW HAMPSHIRE RESIDENTS:
270 W. 2nd Ave., Escondido, CA 92025

ADDITIONAL INFORMATION FOR NORTH CAROLINA RESIDENTS:
ARS National Services Inc., 270 W 2nd Ave., Escondido, CA 92025, Company # 119505661
ARS National Services Inc., 9859 7th Street, Rancho Cucamonga, CA 91730, Company # 119505662
ARS National Services Inc., 7960 Baymeadows Way, Bldg 6, Ste 300, Jacksonville, FL 32256, Company # 119505670
ARS National Services Inc., 9702 Bissonnet St, Ste 2300W, Houston, TX 77036, Company # 119507190
ARS National Services Inc., 1810 First Oaks St, Ste 190, Richmond, TX 77406, Company # 517893122

ADDITIONAL INFORMATION FOR NEW YORK RESIDENTS:
Debt collectors, in accordance with the federal Fair Debt Collection Practices Act, 15 USC §1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

 i)   The use or threat of violence;
 ii)  The use of obscene or profane language; and
 iii) Repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1. Supplemental security income, (SSI);
2. Social security;
3. Public assistance (welfare);
4. Spousal support, maintenance (alimony) or child support;
5. Unemployment benefits;
6. Disability benefits;
7. Workers' compensation benefits;
8. Public or private pensions;
9. Veterans' benefits;
10. Federal student loans, federal student grants, and federal work study funds; and
11. Ninety percent of your wages or salary earned in the last sixty days.

ADDITIONAL INFORMATION FOR NEW YORK CITY RESIDENTS:
New York City Department of Consumer Affairs License numbers 2000745, 2000744, 2000742,
2069412 and 2102604.

ADDITIONAL INFORMATION FOR TENNESSEE RESIDENTS:
This collection agency is licensed by the Collection Service Board of the Department of Commerce and
Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

ADDITIONAL INFORMATION FOR WASHINGTON RESIDENTS:
270 W 2nd Ave., Escondido, CA 92025, License #601722831-001-0001
9859 7th Street, Rancho Cucamonga, CA 91730 License #601722831-001-0003
7960 Baymeadows Way, Building 6, Suite 300, Jacksonville, FL 32256, License #601722831-001-0002
9702 Bissonnet St., Suite 2300W, Houston, TX 77036, License #601722831-001-0005
1810 First Oaks St, Ste 190, Richmond, TX 77406, License #601722831-001-0006

-----------------------------------------------------------------------------

SIF 2.52.4.102

# EXHIBIT B

**FRONT**



CHASE PRELIT :          FOR DEPOSIT ONLY

JUNIOR L OWENS

7111/2212 Chk#    4340

Pay to the order of    ARS NATIONAL SERVICES INC.    $100.00

One Hundred and 00/100 Dollars

OCWEN FEDERAL BANK FSB
WEST PALM BEACH FL 33401

For 41774648-JPMorgan Chase Bank, N.A.
This check authorized by your depositor, for info call: 760-735-2700

Authorized By Drawer
Authorized signature of Payee

**REAR**



CHASE PRELIT          FOR DEPOSIT ONLY

FOR DEPOSIT ONLY
ARS National Services Inc.          7872

**FRONT**



CHASE PRELIT ███████ FOR DEPOSIT ONLY

JUNIOR L OWENS

7111/2212 Chk#    4341

Pay to the
order of     ARS NATIONAL SERVICES INC.                    $100.00

One Hundred and 00/100 Dollars

OCWEN FEDERAL BANK FSB
WEST PALM BEACH FL 33401

For 41774648-JPMorgan Chase Bank, N.A.
This check authorized by your depositor, for info call: 760-735-2700

Authorized By Drawer
Authorized signature of Payee

**REAR**



CHASE PRELIT ████████ FOR DEPOSIT ONLY

FOR DEPOSIT ONLY
ARS National Services Inc. ████ 7872

**FRONT**



CHASE PRELIT ▮▮▮▮ FOR DEPOSIT ONLY

JUNIOR L OWENS                                                              7111/2212 Chk#      4342

Pay to the
order of    **ARS NATIONAL SERVICES INC.**                                    $100.00

One Hundred and 00/100 Dollars

OCWEN FEDERAL BANK FSB
WEST PALM BEACH FL 33401

For 41774648-JPMorgan Chase Bank, N.A.                    Authorized By Drawer
This check authorized by your depositor, for info call: 760-735-2700    Authorized signature of Payee

**REAR**



CHASE PRELIT ▮▮▮▮ FOR DEPOSIT ONLY

FOR DEPOSIT ONLY
ARS National Services Inc. ▮▮7872



**FRONT**

CHASE PRELIT ▮▮▮ FOR DEPOSIT ONLY

JUNIOR L OWENS

9444/1111  Chk#        1697

Pay to the order of   **ARS NATIONAL SERVICES INC.**        $311.66

Three Hundred Eleven and 66/100 Dollars

For 41774648-JPMorgan Chase Bank, N.A.
This check authorized by your depositor, for info call: 760-735-2700

Authorized By Drawer
Authorized signature of Payee

**REAR**

CHASE PRELIT ▮▮▮ FOR DEPOSIT ONLY

FOR DEPOSIT ONLY
ARS National Services Inc. ▮▮▮7872



**FRONT**

CHASE PRELIT ▮▮▮▮ FOR DEPOSIT ONLY

JUNIOR L OWENS

9444/1111  Chk#     1698

Pay to the order of    **ARS NATIONAL SERVICES INC.**          $311.66

Three Hundred Eleven and 66/100 Dollars

For 41774648-JPMorgan Chase Bank, N.A.
This check authorized by your depositor, for info call 760-735-2700

Authorized By Drawer
Authorized signature of Payee

**REAR**

CHASE PRELIT ▮▮▮▮ FOR DEPOSIT ONLY

FOR DEPOSIT ONLY
ARS National Services Inc. ▮▮▮7872



**FRONT**

CHASE PRELIT ██████ FOR DEPOSIT ONLY

JUNIOR L OWENS

9444/1111  Chk#        1699

Pay to the order of   **ARS NATIONAL SERVICES INC.**        $311.66

Three Hundred Eleven and 66/100 Dollars

For 41774648-JPMorgan Chase Bank, N.A.
This check authorized by your depositor, for info call 760-735-2700

Authorized By Drawer
Authorized signature of Payee

**REAR**

CHASE PRELIT ██████ FOR DEPOSIT ONLY

FOR DEPOSIT ONLY
ARS National Services Inc. ██████

# EXHIBIT C



The Law Offices of
ROBERT S. GITMEID & ASSOC., PLLC

February 8, 2024

RAS LaVrar LLC
1133 S University Dr,
Plantation, FL 33324

JPMorgan Chase Bank, National Association
1111 Polaris Pkwy
Columbus, OH 43240

> Re:               Junior Lee Owens
> Original Creditor: JPMorgan Chase Bank, National Association
> Account No.:      Ending in 4340
> Address:          1141 Kendall Town Blvd, Unit 3103
>                   Jacksonville, FL 32225

Dear Sir and/or Madam:

   Please be advised that this office was retained to represent Junior Lee Owens ("Mr. Owens") with respect to his claim for breach of contract claim and violations of the Fair Debt Collection Practices Act ("FDCPA"). 15 U.S.C. § 1692, et seq. related to the above referenced JPMorgan Chase Bank, National Association ("Chase") account.

   On October 18, 2022, Mr. Owens entered into a settlement agreement with ARS National Services ("ARS") to settle and close his Chase account ending in 4340 (the "Settlement") for $3,105.00 in twelve (12) payments with the first payment due by October 25, 2022. Six (6) payments were made and cleared pursuant to the Settlement. A copy of the Settlement and payments is attached. On or about June 14, 2023, Mr. Owens' representative was advised that the account got recalled. On or about that same date, Chase advised Mr. Owens' representative that the account was transferred to RAS LAVrar LLC ("RAS"). On or about July 14, 2023, RAS refused to honor the Settlement and offered renegotiation on the account. On or about October 3, 2023, Mr. Owens' representative was advised that the account got transferred back to ARS. On or about that same date, ARS agreed to honor the Settlement. On or about November 7, 2023, ARS advised Mr. Owens' representative that the account got recalled. On or about November 13, 2023, Chase advised Mr. Owens' representative that the account was placed with RAS. On or about November 22, 2023, RAS refused to honor the Settlement and instead offered to renegotiate the account.

   Chase's actions constitute a breach of contract where they unfairly refused to accept the remaining payments per the terms of the Settlement. RAS' actions violated the FDCPA when they unfairly refused to accept payments when a valid settlement was in place and misrepresented the status of the debt by attempting to renegotiate a settled account.

   As a result of the above violations, Mr. Owens has suffered considerable damages, including actual damages, statutory damages, and attorney's fees and costs that are recoverable under the applicable laws. I am sure all parties involved can appreciate the need to urgently address this issue and avoid unnecessary litigation. We are willing to resolve this matter as quickly as possible. Please respond to this letter within seven (7) business days. Please be advised that if we do not hear from you in that time frame, this demand will be withdrawn, and we will proceed with further legal process.

Thank you for your prompt attention to this matter.

Respectfully yours,

*Rena Lerner, Esq*

Rena Lerner, Esq.
Associate Attorney
FL Bar Number: 1036216
Law Offices of Robert S. Gitmeid & Assoc., PLLC
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel: (866) 249-1137
Fax: (212) 412-9005
Rena.L@gitmeidlaw.com
www.GitmeidLaw.com

Tel (212) 226-5081    180 Maiden Lane, 27th Floor, New York, NY 10038    Fax (212) 208-2591
www.GitmeidLaw.com