UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUNIOR LEE OWENS,

    Plaintiff,

v.       CASE NO. 3:24-cv-546-MMH-MCR

RAS LAVRAR, LLC, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendant Ras LaVrar, LLC's ("RASL") Motion to Dismiss (Doc. 6) and Plaintiff's response thereto (Doc. 9). The Motion to Dismiss has been referred to the undersigned United States Magistrate Judge for entry of a report and recommendation under 28 U.S.C. § 636(b)(1)(B)–(C) and Federal Rule of Civil Procedure 72(b)(1). Upon consideration, the undersigned **RECOMMENDS** that Defendant's Motion to Dismiss be **DENIED as moot** and the case be **REMANDED** back to Florida

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

state court.

## I. Procedural History and Background

This action arises out of Defendants' alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and its state counterpart, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72.  On April 11, 2024, Plaintiff filed a three-count Complaint against Defendants RASL and JP Morgan Chase, N.A. ("Chase") in the County Court of the Fourth Judicial Circuit, in and for Duval County, alleging unlawful debt collection practices in violation of the FCCPA (Count 1), the FDCPA (Count 2), and breach of contract (Count 3).  (Doc. 4.) Defendant RASL timely removed the case to this Court on May 30, 2024. (Doc. 1.)

Defendant RASL now moves to dismiss the Complaint, arguing that (1) Plaintiff failed to establish Article III standing; (2) Plaintiff failed to allege a viable FCCPA Claim in Count 1 against Defendant RASL; and (3) Plaintiff failed to allege a viable FDCPA Claim in Count 2 against Defendant RASL. (Doc. 6.)  Defendant RASL seeks dismissal with prejudice.  (*Id.* at 12.)

## II. Standard

It is axiomatic that federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); R*ussell Corp. v. American Home Assur. Co.*,

264 F.3d 1040, 1050 (11th Cir. 2001).  Federal courts have "an ever-present obligation to satisfy themselves of their subject matter jurisdiction." *Liberty Mutual Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). Because federal courts are courts of limited subject matter jurisdiction, this Court must ascertain whether it has jurisdiction over a case or controversy. *See Cadet v. Bulger*, 377 F.3d 1173, 1179 (11th Cir. 2004).

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction, and motions under Rule 12(b)(1) can be a facial or factual attack.  *McElmurray v. Consol. Gov't of Augusta–Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).  A facial attack challenges subject matter jurisdiction based on allegations in the complaint, and the court accepts the allegations as true—the court employs standards similar to a 12(b)(6) attack for failure to state a claim.  *Id.*; *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021).  On the other hand, in a factual attack, extrinsic evidence may be considered, and so long as the jurisdictional issues are not "inextricably intertwined with the merits," courts are free to weigh evidence. *Kennedy*, 998 F.3d at 1230, 1232.

### III.  Discussion

#### a. Article III Standing

As a threshold jurisdictional issue, the Court must consider standing first.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101-02, 118 S. Ct.

3

1003, 140 L. Ed. 2d 210 (1998). Here, Defendant removes Plaintiff's action from Florida state court to federal court based upon purported federal question jurisdiction, (*see* Doc. 1), yet Defendant contends that this Court must dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of Article III standing. (*See* Doc. 6.) Defendant appears to misapprehend that remand—not dismissal—is required. 28 U.S.C. § 1447(c); *Ladies Mem'l Ass'n, Inc. v. City of Pensacola*, 34 F.4th 988, 993–94 (11th Cir. 2022) ("When a case is removed from state to federal court and the plaintiffs do not have Article III standing in federal court, the district court's only option is to remand back to state court."). Defendant cannot remove this case from state court and then subsequently assert that Plaintiff lacks Article III standing. *See Palm-Aire Country Club Condo. Ass'n No. 8, Inc. v. City of Pompano Beach*, No. 24-cv-62388-WPD, 2024 U.S. Dist. LEXIS 228821, at *3 (S.D. Fla. Dec. 18, 2024).

When Defendant removed this action to federal court, it assumed the burden of establishing this Court's subject matter jurisdiction, including Plaintiff's standing in federal court. *See Byam-Hunte v. ClearStar, Inc.*, No. 8:23-cv-2802-CEH-UAM, 2024 U.S. Dist. LEXIS 78227, at *4 (M.D. Fla. Apr. 30, 2024)). Although Plaintiff raises claims under a federal statute, Defendant has not met its burden of establishing that subject matter jurisdiction exists in federal court. In fact, Defendant insists that this Court

4

does not have subject matter jurisdiction. As such, the undersigned recommends this case be remanded to Florida state court.

### IV. Recommendation

Accordingly, it is **RECOMMENDED**:

1. The Case be **REMANDED** to the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida.

2. The Motion (**Doc. 6**) be **DENIED as moot.**

3. All pending motions be **DENIED as moot**, and the case be **CLOSED**.

**DONE AND ENTERED** at Jacksonville, Florida, on January 21, 2025.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia Morales Howard
Chief United States District Judge

Counsel of Record