UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JUNIOR LEE OWENS,

    Plaintiff,

v.   Case No. 3:24-cv-546-MMH-MCR

RAS LAVRAR, LLC,
et al.,

    Defendants.

## O R D E R

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 31; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on January 21, 2025. In the Report, Judge Richardson recommends that Defendant's Motion to Dismiss (Doc. 6; Motion) be denied as moot, and the case be remanded for lack of subject matter jurisdiction. See Report at 5. No objections to the Report have been filed, and the time for doing so has passed. Accordingly, this matter is ripe for review.

### I.  Standard of Review

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine

de novo any part of the magistrate judge's disposition that has been properly objected to." Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not").

## II. Discussion

On May 30, 2024, Defendants filed a notice removing this case from the Fourth Judicial Circuit in and for Duval County, Florida. See Notice of Removal (Doc. 1). Following removal, Defendants moved to dismiss Plaintiff's Complaint (Doc. 4) for lack of Article III standing. See Motion at 5. In the Report, Judge Richardson concludes that Defendants failed to meet their "burden of

---

[1] Judge Richardson properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1 n.1.

establishing that subject matter jurisdiction exists in federal court" by conceding that "Plaintiff lacks Article III standing." Report at 4. For this reason, Judge Richardson recommends that the Motion be denied as moot, and the case be remanded to the state court in which it was initially filed. Id. at 5. Upon independent review of the file, and for the reasons stated in the Report, the Court will accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

That said, since the entry of the Report, Plaintiff has filed a notice of settlement. See Notice of Settlement (Doc. 32; Notice), filed January 28, 2025. In the Notice, Plaintiff states that the parties have "reached an agreement in principle" and "will file a Stipulation of Dismissal with Prejudice once the terms of the settlement agreement have been completed." Id. Despite the parties' resolution of this case, without subject matter jurisdiction, the Court lacks the ability to enter a dismissal with prejudice.[2] As explained by the Eleventh Circuit, "[w]hen a case is removed from state to federal court and the plaintiffs do not have Article III standing in federal court, the district court's only option is to remand back to state court." Ladies Mem'l Ass'n, Inc. v. City of Pensacola, Fla., 34 F.4th 988, 994 (11th Cir. 2022) (emphasis added). Accordingly, because

---

[2] Indeed, without subject matter jurisdiction, the Court would only be able to enter a dismissal without prejudice. See Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("[D]ismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

the Court lacks subject matter jurisdiction over this action, the case is due to be remanded. Of course, the parties can continue to effectuate their settlement and stipulate to a dismissal in state court as they had planned to do here.

Accordingly, it is

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. 31) is **ADOPTED** as the opinion of the Court.

2. Defendant's Motion to Dismiss (Doc. 6) is **DENIED as moot**.

3. This case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida, for further proceedings.

4. The Clerk of the Court is **DIRECTED** to transmit a certified copy of this order to the clerk of that court.

5. The Clerk of the Court is further **DIRECTED** to terminate all pending motions and to close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of February, 2025.

MARCIA MORALES HOWARD
United States District Judge

Lc32

Copies to:

The Honorable Monte C. Richardson, United States Magistrate Judge
Clerk, Circuit Court of the Fourth Judicial Circuit
Counsel of Record